UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARTIN F. SMITH, II,

    Plaintiff,

v.

                                              Civil Case No. 17-12512
                                              Honorable Linda V. Parker

SCOTT McKENNA
& RON KALAQUIN,

    Defendants.

_____/

## **OPINION AND ORDER SUMMARILY DISMISSING THE COMPLAINT**

### I.    Introduction

This matter comes before the Court on a *pro se* civil rights complaint under 42 U.S.C. § 1983. Plaintiff Martin F. Smith, II is confined at the Lapeer County Jail in Lapeer, Michigan. The Defendants are (1) Lapeer County Sheriff Scott McKenna and (2) Ron Kalaquin, who appears to have been the Lapeer County Sheriff in 2015. (ECF No. 1 at Pg ID 1-2.) Plaintiff seeks declaratory, injunctive, and monetary relief for alleged violations of his civil rights. For the reasons that follow, the Court is denying relief and summarily dismissing the complaint.

### II.    Background

The complaint and exhibits allege that, on June 18, 2015, a jury found Plaintiff guilty of assault with a dangerous weapon, Mich. Comp. Laws § 750.82,

possession of a firearm during the commission, or attempt to commit, a felony, Mich. Comp. Laws § 750.227b, killing or torturing an animal, Mich. Comp. Laws § 750.50b, and domestic violence, Mich. Comp. Laws § 750.812.  On September 14, 2015, the trial court sentenced Plaintiff to 180 days in the county jail for the assault and torture convictions, ninety days in jail for the domestic violence conviction and two years in a state correctional facility for the felony-firearm conviction.  On September 18, 2015, county officials transferred Plaintiff from the county jail to the Michigan Department of Corrections ("MDOC") for service of his felony-firearm conviction.  The Michigan Parole Board eventually released Plaintiff on parole for the felony-firearm conviction, and on June 16, 2017, Lapeer County officials took custody of Plaintiff so he could serve his remaining sentences in the county jail.

Plaintiff argues Defendants violated his constitutional rights when they took custody of him following his confinement in state prison.  He contends Defendants did not read or acknowledge the judgment of sentence, which lacks a check mark by item 8.  The lack of a check mark is an indication that the sentences are to be served concurrently, not consecutively.  (ECF No. 1 at Pg ID 7.)

Plaintiff sues Defendants in their personal and official capacities.  He seeks: a declaratory judgment stating Defendants refuse to acknowledge the judgment of sentence and have violated his constitutional rights; an injunction ordering

2

Defendants to release him without further delay; and money damages in the amount of $6,000 per day for wrongful incarceration.

### III. Legal Framework

The Prison Litigation Reform Act of 1996 requires federal district courts to screen a prisoner's complaint and to dismiss the complaint if it is frivolous, malicious, fails to state a claim for which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2)(B), 1915A; 42 U.S.C. § 1997e(c)(1); *Flanory v. Bonn*, 604 F. 3d 249, 252 (6th Cir. 2010); *Smith v. Campbell*, 250 F. 3d 1032, 1036 (6th Cir. 2001). The Court is "required to screen all civil cases brought by prisoners, regardless of whether the inmate paid the full filing fee, is a pauper, is pro se, or is represented by counsel, as the statute does not differentiate between civil actions brought by prisoners." *In re Prison Litigation Reform Act*, 105 F. 3d 1131, 1134 (6th Cir. 1997).

Plaintiff prepaid the filing fee for this action, and courts may not summarily dismiss a prisoner's fee-paid complaint under 28 U.S.C. § 1915(e)(2), because that section applies to complaints filed in forma pauperis. *McVey v. Polster*, 20 F. App'x 479, 480 (6th Cir. 2001); *Benson v. O'Brian*, 179 F. 3d 1014, 1015-16 (6th Cir. 1999). *Benson*, however, does not prohibit federal courts from screening a

prisoner's fee-paid civil rights complaint against government officials under §1915A.[1] *Hyland v. Clinton*, 3 F. App'x 478, 478-79 (6th Cir. 2001).

A complaint is frivolous if it lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock*, 549 U.S. 199, 215 (2007).

While a complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). In other words, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). To prevail on a claim under §

---

[1] "The requirements of § 1915(e)(2) overlap the criteria of § 1915A. Section 1915A is restricted to prisoners who sue government entities, officers, or employees. In contrast, § 1915(e)(2) is neither restricted to actions brought by prisoners, nor to cases involving government defendants. Further, § 1915A is applicable at the initial stage of the litigation. Section 1915(e)(2) is applicable throughout the entire litigation process." *In re Prison Litigation Reform Act,* 114 F. 3d at 1134.

1983, a plaintiff must prove two elements: "(1) that he or she was deprived of a right secured by the Constitution or laws of the United States; and (2) that the deprivation was caused by a person acting under color of law." *Robertson v. Lucas*, 753 F. 3d 606, 614 (6th Cir. 2014).

**IV. Analysis**

Plaintiff's complaint is frivolous and fails to state a claim for which relief may be granted because it challenges his confinement in the county jail. The sole federal remedy for a state prisoner's challenge to the very fact or duration of physical imprisonment is a petition for the writ of habeas corpus. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). As explained by the Supreme Court in *Heck v. Humphrey*, 512 U.S. 477 (1994),

> to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has *not* been so invalidated is not cognizable under 1983.

*Id*. at 486-87 (footnote omitted)(emphasis in original). *Heck* and its progeny,

> taken together, indicate that a state prisoner's § 1983 action is barred (absent prior invalidation) -- no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) -- *if*

5

success in that action would necessarily demonstrate the invalidity of confinement or its duration.

*Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005) (emphasis in original).

Plaintiff has not alleged or shown that his sentences were reversed, expunged, invalidated by state officials or called into question by a federal court's issuance of the writ of habeas corpus, and success in this action would necessarily demonstrate the invalidity of Plaintiff's confinement in the county jail. Therefore, Plaintiff's claims are not cognizable in this § 1983 action. *Heck*, 512 U.S. at 487.

Furthermore, it appears from the complaint and attached exhibits that Defendants have complied with Plaintiff's judgment of sentence. The lack of a check mark by item 8 on the first page of the judgment of sentence is an indication that Plaintiff's sentences should run concurrently. However, the second page of the judgment of sentence clearly indicates that the sentences for the assault, the killing or torturing of animals, and the domestic violence run concurrently with each other, but *consecutively* to Plaintiff's sentence for possessing a firearm during the commission of a felony. (ECF No. 1 at Pg ID 8.)

Moreover, a sentence for possessing a firearm during the commission of a felony must be served consecutively to, and preceding, the sentence for the underlying felony. Mich. Comp. Laws § 750.227b(3). Moreover, the Michigan Supreme Court has held that a prison sentence may run consecutively to a jail term. *People v. Arsenault*, No. 269078, 2007 WL 2067826, at *5 (Mich. Ct. App. July

6

19, 2007) (unpublished opinion citing *People v. Spann*, 469 Mich. 904, 668 N.W. 2d 904 (2003)). Defendants, therefore, did not err when they transferred Plaintiff to MDOC for service of his felony-firearm sentence and resumed custody of Plaintiff after he completed his state prison term. Following the time spent in prison, Plaintiff was required to serve the sentences for his other crimes in the county jail. Plaintiff, in fact, concedes in his complaint that his county jail time was ordered to be served consecutively to the term in prison. (ECF No. 1 at Pg ID 4.)

## V. Conclusion

For the reasons given above, the complaint is frivolous and fails to state a claim for which relief may be granted.

Accordingly,

**IT IS ORDERED** that the complaint (ECF No. 1) is summarily **DISMISSED** pursuant to 28 U.S.C. § 1915A.

**IT IS FURTHER ORDERED** that an appeal from this decision would be frivolous and could not be taken in good faith.

**IT IS SO ORDERED**.

s/ Linda V. Parker<br>LINDA V. PARKER<br>U.S. DISTRICT JUDGE

Dated: November 3, 2017

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, November 3, 2017, by electronic and/or U.S. First Class mail.

                                                  s/ R. Loury
                                                  Case Manager